1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10   ANGELA SCHNEIDER,                    )   Civil No. 13cv0565 JAH(DHB)
                                          )
11                 Plaintiff,             )   **ORDER GRANTING**
     v.                                   )   **DEFENDANT'S UNOPPOSED**
12                                        )   **MOTION TO DISMISS [DOC. # 7]**
     WELLS FARGO, STEAMBOAT               )   **AND VACATING HEARING DATE**
13   PARTNERS, LLC,                       )
                                          )
14                 Defendants.            )
     _____       )
15

16                              **INTRODUCTION**

17        Pending before the Court is the motion to dismiss filed by defendant  Wells Fargo

18   Bank, N.A. (erroneously sued as Wells Fargo) ("defendant") for failure to state a claim

19   against defendant upon which relief may be granted pursuant to Rule 12(b)(6) of the

20   Federal Rules of Civil Procedure.  Plaintiff did not file an opposition to the motion. After

21   a careful review of defendant's motion, this Court **GRANTS** defendant's unopposed

22   motion to dismiss and vacates the date set for hearing the motion.

23                              **BACKGROUND**

24        Plaintiff, appearing *pro se*, filed the instant complaint on March 11, 2013, seeking

25   damages based on defendant's alleged violations of the Fair Credit Reporting Act, 15

26   U.S.C. § 1681, *et seq.*, the Federal Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

27   and California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-

28   1788.33.   *See* Doc. # 1 at 1.  Defendant filed the instant motion to dismiss plaintiff's

1  complaint on May 2, 2013.  Doc. # 7.  As of the date of this order, no opposition or other
2  response has been filed by plaintiff.

3  **DISCUSSION**

4      Defendant's unopposed motion to dismiss seeks dismissal of the action for failure
5  to state a claim.  The Ninth Circuit has held that a district court may properly grant a
6  motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but
7  does not require the granting of a motion for failure to respond.  *See, generally*, Ghazali v.
8  Moran, 46 F.3d 52, 53 (9th Cir. 1995) (*per curiam*) (affirming dismissal for failure to
9  timely file opposition papers).  Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an
10  opposing party fails to file the papers in the manner required by Local Rule 7.1(e.2), that
11  failure may constitute a consent to the granting of that motion or other request for ruling
12  by the court."

13      Prior to granting an unopposed motion for dismissal, the Court must weigh the
14  following factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the
15  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
16  public policy favoring disposition of cases on their merits; and (5) the availability of less
17  drastic sanctions."   Ghazali, 46 F.3d at 53  (quoting Henderson v. Duncan, 779 F.2d
18  1421, 1423 (9th Cir. 1986)).  The Ninth Circuit has recognized that the first and fourth
19  factors cut in opposite directions.  *See* Yourish v. California Amplifier, 191 F.3d 983, 990
20  (9th Cir. 1999) (first factor always weighs in favor of dismissal); Hernandez v. City of El
21  Monte, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

22      After a review of the record, this Court finds that the second factor weighs in favor
23  of dismissal.  As the court noted in Yourish, the routine noncompliance of litigants should
24  not prevent the court from managing its docket.  Yourish, 191 F. 3d 990.  Plaintiff failed
25  to comply with one of the most basic requirements of litigation and, to date, offers no
26  excuse for failing to respond to defendants' motion to dismiss.  The fact that plaintiff has
27  yet to make any attempt to address the motion to dismiss also supports a finding of
28  prejudice towards defendant and weighs in favor of dismissal.   Finally, with respect to

whether less drastic measures have been considered, in the interest of lessening the sanction imposed on plaintiff, the Court will grant defendant's motion to dismiss without prejudice. Thus, this Court finds the factors weigh heavily in favor of granting defendant's motion to dismiss.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Defendant's motion to dismiss [doc. # 7] is **GRANTED**;

2.  The claims against defendant Wells Fargo Bank, N.A. contained in the instant complaint are **DISMISSED without prejudice**; and

3.  The date of June 17, 2013 set for hearing defendant's motion is **VACATED**.

Dated:  June 10, 2013

JOHN A. HOUSTON
United States District Judge

13cv0565