UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA SCHNEIDER,<br><br>        Plaintiff,<br>v.<br><br>WELLS FARGO, STEAMBOAT PARTNERS, LLC,<br><br>        Defendants. | Civil No. 13cv0565 JAH(DHB)<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS [DOC. # 7] AND VACATING HEARING DATE** |

## INTRODUCTION

Pending before the Court is the motion to dismiss filed by defendant Wells Fargo Bank, N.A. (erroneously sued as Wells Fargo) ("defendant") for failure to state a claim against defendant upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff did not file an opposition to the motion. After a careful review of defendant's motion, this Court **GRANTS** defendant's unopposed motion to dismiss and vacates the date set for hearing the motion.

## BACKGROUND

Plaintiff, appearing *pro se*, filed the instant complaint on March 11, 2013, seeking damages based on defendant's alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, the Federal Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.33. *See* Doc. # 1 at 1. Defendant filed the instant motion to dismiss plaintiff's

complaint on May 2, 2013. Doc. # 7. As of the date of this order, no opposition or other response has been filed by plaintiff.

## DISCUSSION

Defendant's unopposed motion to dismiss seeks dismissal of the action for failure to state a claim. The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require the granting of a motion for failure to respond. *See, generally*, Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (*per curiam*) (affirming dismissal for failure to timely file opposition papers). Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file the papers in the manner required by Local Rule 7.1(e.2), that failure may constitute a consent to the granting of that motion or other request for ruling by the court."

Prior to granting an unopposed motion for dismissal, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See* Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

After a review of the record, this Court finds that the second factor weighs in favor of dismissal. As the court noted in Yourish, the routine noncompliance of litigants should not prevent the court from managing its docket. Yourish, 191 F. 3d 990. Plaintiff failed to comply with one of the most basic requirements of litigation and, to date, offers no excuse for failing to respond to defendants' motion to dismiss. The fact that plaintiff has yet to make any attempt to address the motion to dismiss also supports a finding of prejudice towards defendant and weighs in favor of dismissal. Finally, with respect to

whether less drastic measures have been considered, in the interest of lessening the sanction imposed on plaintiff, the Court will grant defendant's motion to dismiss without prejudice. Thus, this Court finds the factors weigh heavily in favor of granting defendant's motion to dismiss.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss [doc. # 7] is **GRANTED**;
2. The claims against defendant Wells Fargo Bank, N.A. contained in the instant complaint are **DISMISSED without prejudice**; and
3. The date of June 17, 2013 set for hearing defendant's motion is **VACATED**.

Dated:    June 10, 2013

JOHN A. HOUSTON
United States District Judge